```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
| | |
|---|---|
| IBRAHIMA DIALLO,<br><br>                    Plaintiff,<br><br>-against-<br><br>NEW YORK CITY POLICE<br>DEPARTMENT, ET AL.,<br><br>                    Defendants. | No. 23 CV 1238 (LAP)<br><br>ORDER |

LORETTA A. PRESKA, Senior United States District Judge:

The Court is in receipt of Plaintiff's letter-motion to strike Defendant Westchester County Medical Center's ("WCMC") motion to dismiss, (dkt. no. 75), WCMC's opposition, (dkt. no. 76), and Plaintiff's reply, (dkt. no. 79). For the following reasons, Plaintiff's letter-motion to strike is granted in part and denied in part.

As background, Plaintiff filed the original complaint on February 15, 2023. (Dkt. no. 10.) Only counts five and six, state law claims for medical malpractice and intentional infliction of emotional distress, applied to WCMC. WCMC filed an answer on March 20, 2023, (dkt. no. 26), and, on May 4, 2023, moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure ("Rule") 12(c), (dkt. nos. 41-43). On May 5, 2023, Defendants Westchester County, Westchester County Department of Public Safety, and Westchester County Department of Correction (the "County Defendants") moved to dismiss the original complaint

pursuant to Rule 12(b)(6).  (Dkt. nos. 44-46.)  On August 28, 2023, Defendant New York City Police Department ("NYPD") also filed a motion to dismiss the original complaint pursuant to Rule 12(b)(6).  (Dkt. nos. 59-60.)  On March 19, 2024, the Court granted the NYPD and County Defendants' motions to dismiss the federal claims, declining to exercise supplemental jurisdiction over the state law claims, and permitted Plaintiff 30 days in which to amend.  (Dkt. no. 67.)  Plaintiff filed the amended complaint ("AC") on April 18, 2024, (dkt. no. 68), which WCMC moved, on May 2, 2024, to dismiss pursuant to Rule 12(b)(6), (dkt. nos. 72-74).

Plaintiff now moves to strike WCMC's motion to dismiss the AC, arguing that the motion is procedurally barred because WCMC answered Plaintiff's original complaint.  (Dkt. no. 75 at 1-2.)  WCMC opposes, arguing that the AC supersedes the original complaint and renders the original without effect.  (Dkt. no. 76 at 1.)  The question before the Court is therefore whether WCMC's motion to dismiss pursuant to Rule 12(b)(6) is proper as to Plaintiff's AC notwithstanding WCMC's answer to the original complaint.

A motion to dismiss for failure to state a claim "must be made before pleading if a responsive pleading is allowed."  Fed. R. Civ. P. 12(b)(6).  Even so, "[a] motion to dismiss an amended complaint may be timely even where a defendant has filed a responsive pleading if the amended complaint contains additional factual allegations strengthening the plaintiff's case."  Star

2

Auto Sales of Queens LLC v. Iskander, No. 19-CV-06791 (RPK) (ST), 2023 WL 5631155, at *3 (E.D.N.Y. Apr. 20, 2023) (citing Sullivan v. Aircraft Servs. Grp., Inc., No. 19-CV-6500 (MKB), 2021 WL 76836, at *2 (E.D.N.Y. Jan 8, 2021)).  "In such cases, a defendant is entitled to an opportunity to respond and may file a motion to dismiss despite having previously filed an answer." Id. (citing Kalin v. Xanboo, Inc., 526 F. Supp. 2d 392, 398 (S.D.N.Y. 2007)).

Here, by contrast, Plaintiff's AC does not proffer any additional facts to supplement or change the state law claims for medical malpractice or intentional infliction of emotional distress, i.e., the only counts alleged against WCMC.  There is therefore no difference, as applied to WCMC, between the original complaint and the AC to justify WCMC's filing of a motion to dismiss the AC.  In other words, WCMC could have moved to dismiss the original complaint had it wanted to do so, and because it did not and instead answered the original complaint, WCMC's motion to dismiss is untimely.  See Sullivan, 2021 WL 76836, at *2.

Still, this dispute is somewhat academic.  Even though WCMC's answer to the original complaint bars it from filing a motion to dismiss under Rule 12(b)(6), the Court may construe it as a motion for judgment on the pleadings under Rule 12(c).  Patel v. Contemporary Classics of Beverly Hills, 259 F.3d 123, 126 (2d Cir. 2001) (concluding that converting a motion under such circumstances "makes eminently good sense because a motion for

3

judgment on the pleadings is the direct descendant of that ancient leper of the common law, the 'speaking demurrer'"); Kalin, 526 F. Supp. 2d at 398 (observing the same). The standard of review under both Rule 12(b)(6) and (c) is the same, and a court "must accept all allegations in the complaint as true and draw all inferences in the non-moving party's favor." Kalin, 526 F. Supp. 2d at 398 (quoting Patel, 259 F.3d at 126)). Additionally, the Court observes that WCMC's motion to dismiss contains the same substance and legal arguments previously asserted in its motion for judgment on the pleadings, but the motion is now styled as one for dismissal. (Compare dkt. nos. 72-74, with dkt. nos. 41-43.) Accordingly, the Court will construe WCMC's motion to dismiss as one for judgment on the pleadings pursuant to Rule 12(c).

Plaintiff's letter-motion to strike, (dkt. no. 75), is therefore granted in part and denied in part. Plaintiff shall file any opposition to WCMC's motion at docket entries 72-74 no later than May 31, 2024, and WCMC shall file any reply no later June 7, 2024. The Clerk of the Court is directed to close the letter-motion filed at docket entry 75.

**SO ORDERED.**

Dated:   May 17, 2024
         New York, New York

*Loretta A. Preska*
_____
LORETTA A. PRESKA
Senior United States District Judge